242 P.2d 549

**GUTHRIE v. GUTHRIE.**
No. 5244.

Supreme Court of Arizona.
April 7, 1952.

424

George T. Wilson and H. Verlan Anderson, of Phoenix, for appellant.

Lewis, Roca & Scoville, of Phoenix, for appellee.

DE CONCINI, Justice.

Appellant wife, hereinafter referred to as defendant and plaintiff husband, appellee herein, were married on September 2, 1942 in Phoenix, Arizona. They lived as husband and wife until September 1945, when plaintiff left his wife. Plaintiff was granted a divorce from defendant in 1948. There were no children born of this marriage. The lower court made a division of the community property, granted the defendant alimony, and ordered plaintiff to pay defendant's attorneys' fees and other debts incurred by the defendant to the date of the decree.

Defendant appeals from that portion of the judgment which divides the community property and also that the alimony and attorney fees granted her were insufficient.

Plaintiff prior to the marriage was engaged in a partnership with his father in the Guthrie Mattress Company, in which he owned a one-third interest. Defendant was before her marriage a beautician and maintained her business establishment in her home. Subsequent to their marriage she discontinued work and has since lived as a housewife.

The trial court found that from the date of their marriage to the trial of the case, the plaintiff had withdrawn $36,197.50 as his share of the income and profits of the

business, and that $20,863.98 of that amount had been withdrawn by him since the separation of the parties in September 1945. In making a division of the community property, the court found that the only community property of the parties consisted of withdrawals made by the plaintiff from the business after separation of the parties in September 1945. The court found the sum of those withdrawals to be $20,863.98 and allocated one-half of that sum to the defendant in settlement of her property interests and then deducted from that amount $5,299 which was support money that the plaintiff had given defendant during that period. The court also deducted one-half of the community debts existing at the date of trial but ordered plaintiff to pay those debts in full. The court did not consider any increased value of the partnership assets as community property.

The defendant assigns nine errors, seven of which can best be expressed by one proposition of law, to wit: "Where either spouse is engaged in a business whose capital is the separate property of such spouse, the profits and income of the business are either community or separate in accordance with whether they are the result of individual toil and application of the spouse or the inherent quality of the business."

This problem has come before the court on numerous occasions and we have a body of case law on this point. Porter v. Porter, 67 Ariz. 273, 195 P.2d 132; Rundle v. Winters, 38 Ariz. 239, 298 P. 929; In re Torrey's Estate, 54 Ariz. 369, 95 P.2d 990;

Lawson v. Ridgeway, 72 Ariz. 253, 233 P.2d 459.

The defendant asks this court to declare as community property the net capital increase of plaintiff's one-third interest in the Guthrie Mattress Company based on decisions of the above cited cases. If defendant's contention is correct, then the net capital increase of the one-third interest is community property and defendant is entitled to one-half share of it. In order to resolve defendant's contention it is necessary to examine the evidence.

The evidence showed that plaintiff and his father owned the business and they both worked there; that while they conferred on policy of the business yet the father was the general manager and had the final word; that plaintiff managed the office and drove the truck; that his father handled the production end until his death, then a man was hired to take his place; that in addition plaintiff's brother came in to work after the father's death; that because of the war and the scarcity of materials there was not much competition from outside manufacturers in the mattress business and hence the business and the value of the partnership increased rapidly. There was evidence that the father was the directing head of the company and it was due to his acumen and foresightedness that the partnership prospered greatly.

We have consistently held that where there is any reasonable evidence to support the judgment of the trial court we

will not disturb it. Covington v. Basich Bros. Const. Co., 72 Ariz. 280, 233 P.2d 837. Neither will we disturb the trial court's judgment where there is a conflict in the evidence. Paxton v. McDonald, 72 Ariz. 240, 233 P.2d 450. In this case the evidence sustains the findings of fact upon which the conclusions of law and decree are based and therefore we will not disturb them.

■ The defendant in her brief lays stress on the matter of commingling of both community and separate funds. The law as to that proposition is also well settled in this state. Where both community property and separate property are commingled in a fund so that the separate property loses its identity, the presumption is that the whole fund is community. Blaine v. Blaine, 63 Ariz. 100, 159 P.2d 786.

■ In 31 C.J., Husband and Wife, § 1161, is found an adequate statement of the plaintiff's contention: "Mere mutations of form do not of themselves work a transmutation of the character of property, as being community or separate, after once it has been cast either into the community, or to the separate estate of the husband or wife; and the same is true of the commingling of separate and community property, the separate property remaining separate as long as it can be identified. It is where by such processes, the identity of separate property is lost that, by the operation of the presumption in favor of the community, a transmutation takes place." See also 41 C. J.S., Husband and Wife, § 495, p. 1058.

■ Although here there may have been a commingling of funds such commingling did not necessarily have the effect of working a transmutation of the plaintiff's separate property to community because (1) their identity was not lost and (2) as heretofore mentioned the increase in the value of plaintiff's separate property was largely due to his father's efforts. In Porter v. Porter, supra, we said: "The evidence is undisputable that he was an employee, performing ordinary duties which could have been performed by other individuals not possessing any unusual qualifications."

In Lawson v. Ridgeway, supra, we held that property takes its character as community or separate estate at the time of its acquisition.

■ Appellant's eighth assignment of error is that the lower court erred in awarding her permanent alimony of $125 per month because defendant's earning power has been impaired by plaintiff's conduct and plaintiff's financial means justifies a larger award to her. The trial court heard the evidence and was in a much better position to evaluate it than we are. There was a conflict regarding defendant's condition and the necessity of her wearing a cervical collar brace. Under such a state of the evidence we will not disturb the judgment.

■■ Defendant's assignment of error No. 9, wherein she asks for an increase in attorneys' fees, is without merit. There was no abuse in discretion on the part of

the trial judge in awarding defendant's attorneys $1,050 for the trial and appeal of this cause. Defendant, however, relies on the Porter v. Porter case, supra, as authority for the proposition that the wife's attorneys should be paid the same amount as the husband's attorneys. There was no evidence in this case what the plaintiff's attorneys' fees were and therefore we have no standard by which to measure. In the Porter case, however, we modified the judgment in other respects so that the matter of attorney fees could be heard on a retrial of the case. In this instance there is no occasion to remand the case, and therefore defendant having failed to establish the amount of plaintiff's attorneys' fees, cannot now be heard to complain.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.