635 P.2d 850

**In re the Marriage of Elana A. Kellogg COOPER, Appellee,**

v.

**Stephen G. COOPER, Appellant.**

No. 15068.

Supreme Court of Arizona, In Banc.

Oct. 20, 1981.

Richter & Wilson by Joseph C. Richter, Tempe, for appellee.

James R. Holman, Tempe, William P. Sargeant, III, Phoenix, for appellant.

GORDON, Justice:

The appellant, Stephen G. Cooper (husband), appeals from those portions of a decree of dissolution of marriage that pertain to the distribution of property and award of spousal maintenance. Taking jurisdiction pursuant to A.R.S.Const. Art. 6, § 5(3) and Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S., we reverse in part and affirm in part.

Appellant Stephen Cooper presents three issues to us on appeal: whether the trial court erred in characterizing a savings account as the sole and separate property of his wife, Elana Kellogg Cooper; whether it was error to award one half of the proceeds of a promissory note to the wife; whether the trial court abused its discretion by awarding spousal maintenance to the wife. Appellee wife also raises for our consideration a request that we award her reasonable attorney's fees and costs. We will relate the necessary facts as we address each issue.

## THE SAVINGS ACCOUNT

The trial testimony and exhibits demonstrate that when the parties were married in 1971, the wife had a savings account in her name containing approximately $3,200.00. During the marriage the balance reached as high as $8,000.00 and dropped as low as $3,000.00. At the time of trial the balance in the account was $7,500.00. Deposits to the account were made partially of child support payments from the wife's former husband, although the amount actually placed in the account is not clear. The wife also deposited into the account checks made out to her by Cooper from his earnings. Some of these checks were for expenses, and some were repayment of a loan made by the wife to the husband. Yet another series of checks from the husband, some of which may have been deposited in the savings account, was declared by him to be a monthly gift to the wife for expenses during the year before the dissolution proceedings. The trial court determined that the account was the sole and separate property of the wife. The husband contends the account was community property.

We begin with the proposition that "[a]ll property, real and personal, of each spouse, owned by such spouse before marriage, and that acquired by gift, devise or descent, and also the increase, rents, issues and profits thereof, is the separate property of such spouse." A.R.S. § 25–213. Of equal importance to our determination is the principle that "[a]ll property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, is the community property of the husband and wife." A.R.S. § 25–211.

We must also consider that "[w]here community property and separate property are commingled, the entire fund is presumed to be community property unless the separate property can be explicitly traced." *Porter v. Porter,* 67 Ariz. 273, 281, 195 P. 132, 137 (1948); *accord Guthrie v. Guthrie,* 73 Ariz. 423, 242 P.2d 549 (1952); *Bourne v. Lord,* 19 Ariz.App. 228, 506 P.2d 268 (1973). Finally, the burden is upon the person claiming that the commingled funds,

or any portion of them, are separate to prove that fact and the amount by clear and satisfactory evidence. *Porter, supra; Bourne, supra.*

■ Although we review the record in the light most favorable to upholding the decision of the trial court regarding the nature of the property as community or separate, *Sommerfield v. Sommerfield*, 121 Ariz. 575, 592 P.2d 771 (1979), we cannot concur in the trial court's finding that the savings account was the sole and separate property of the wife considering the principles enunciated above. We believe instead that the commingling of monies from the husband's salary for community expenses rendered the account community property and that the wife did not sustain her burden of demonstrating which portion of the monies in the account retained their separate character. For this reason, on remand, the trial court will award one-half of the savings account involved to each party.

### THE PROMISSORY NOTE

In 1973, the husband sold a home in Indiana that he owned from a previous marriage. He deposited the proceeds from the sale in an Indiana checking account which was his separate property. Subsequently he bought a house in the Phoenix area using as a down payment funds from the Indiana account. He maintains the down payment came exclusively from the proceeds of the sale of the Indiana house. He testified that the Phoenix house was purchased in both his and his wife's name but claims that to have been only for the purpose of obtaining financing. He also testified that over the course of his marriage to appellee he deposited money in the Indiana account from his salary. The house was subsequently sold, and the proceeds of the sale were represented by a promissory note payable at $64.00 per month.

Appellant objects to the trial court's award of one-half of the proceeds of the promissory note to each party. He contends that because the house was purchased with a down payment from his sole and separate property, the house became his

sole and separate property and thus the proceeds of its sale should also be his sole and separate property. We agree, however, with the trial court's award.

■ We do not believe that the husband in this instance sustained his burden of proving that the funds used for the down payment were his sole and separate property. *Guthrie, supra; Porter, supra; Bourne, supra.* As indicated, he testified that he commingled community funds from his salary in the account from which he made the down payment. Furthermore, he produced no records in court to trace the separate funds and their disposition in the transaction in question.

■ Even if the husband satisfactorily demonstrated that the down payment came exclusively from his sole and separate funds, we have held that "where title to real property is taken in the names of both husband and wife, even though the source of funds for the purchase of the property is separate property of one spouse, a presumption arises that the parties intended to own the property as community property." *Sommerfield, supra*, 121 Ariz. at 577–78, 592 P.2d at 773–774; *accord Becchelli v. Becchelli*, 109 Ariz. 229, 508 P.2d 59 (1973). The presumption can be overcome, *Becchelli, supra*, but to do so would be of no consequence in a case such as this where the purchase was made from funds not clearly established to have been separate.

The trial court acted within its discretion, therefore, in awarding half the proceeds of the sale to each party.

### SPOUSAL MAINTENANCE

Appellant challenges an award to the wife of spousal maintenance of $250.00 per month for one year. He argues that the trial court abused its discretion in making the award because the wife was qualified to obtain work as a draftsperson and because substantially all the assets of the parties that had any monetary value were awarded to her. We do not agree.

■ The question of spousal maintenance is left to the sound discretion of the trial court, and the appellate court will not substitute its judgment for that of the trial court unless there has been a clear abuse of discretion. *Bender v. Bender*, 123 Ariz. 90, 597 P.2d 993 (App.1979); *Spector v. Spector*, 23 Ariz.App. 131, 531 P.2d 176 (1975). There must, however, be support in the record for the trial judge's determination. *Lindsay v. Lindsay*, 115 Ariz. 322, 565 P.2d 199 (App.1977).

Among the factors that a trial court may consider in awarding spousal maintenance is,

"[t]he time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment and whether such education or training is readily available." A.R.S. § 25–319(B)(2).

The record shows that the wife is attending Arizona State University to obtain an engineering degree which will make her employable and that she has unsuccessfully sought part-time employment while in school. Although the record does not make clear the trial court's reasons for the award, the circumstances make it appear to have been rehabilitative. A policy of awarding rehabilitative spousal maintenance can be a sound method to encourage the spouse to acquire training and skills to become self-sustaining. *See Lindsay v. Lindsay*, 115 Ariz. 322, 565 P.2d 199 (App.1977); *Porreca v. Porreca*, 13 Ariz.App. 340, 476 P.2d 684 (1970). The wife testified that while she was attending Phoenix College, previous to enrolling at Arizona State University, she was unable to get work as a draftsperson. Thus we do not believe that appellant's argument concerning the wife's employability is well-founded and the trial court did not abuse its discretion.

■ We do not agree that the award to the wife of allegedly valuable assets forces the conclusion that the maintenance award was an abuse of discretion. The wife has had to use the savings account for her support because of appellant's failure to provide maintenance prior to the dissolution. Nor can it rationally be argued that the wife's share of the promissory note is an asset of great monetary value.

These factors, viewed together with the short duration of the award, and the relative earning capacities of the parties, compel us to conclude that the trial court did not abuse its discretion by making the award of spousal maintenance.

## ATTORNEY'S FEES

■ Appellee has sought an assessment of attorney's fees and costs for a frivolous appeal pursuant to A.R.S. § 12–2106 and Rule 25 of the Arizona Rules of Civil Appellate Procedure, alleging intentional harassment and delay on the part of the appellant. Although we appreciate that much time and money have been spent in prosecuting this appeal, we believe that the issues presented were ones upon which reasonable persons could differ. Thus we cannot say that the appeal was taken solely for frivolous purposes or to cause undue delay. See *Barrett v. Melton*, 112 Ariz. 605, 545 P.2d 421 (1976); *Valley Vendors Corp. v. Phoenix*, 126 Ariz. 491, 616 P.2d 951 (App. 1980).

## CONCLUSION

We affirm the trial court's findings respecting the promissory note and the award of spousal maintenance. We reverse on the issue of the savings account and remand to the trial court for proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.