NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

ERIC E. TAYLOR, *Petitioner/Appellee*,

*v.*

KIMBERLY A. TAYLOR, *Respondent/Appellant*.

No. 1 CA-CV 18-0310 FC
FILED 4-25-2019

Appeal from the Superior Court in Maricopa County
No. FC 2017-003647
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

APPEARANCES

Lincoln & Wenk PLLC, Goodyear
By Michael A. Lincoln, Russell F. Wenk
*Counsel for Respondent/Appellant*

Eric E. Taylor, Phoenix
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**B R O W N**, Judge:

¶1        Kimberly Taylor ("Wife") appeals from the superior court's decree of dissolution of her marriage to Eric Taylor ("Husband"). Specifically, she challenges the court's decision to limit her spousal maintenance award to 48 months.  Because the court acted within its discretion, we affirm.

¶2        Husband and Wife were married from July 9, 2005, to August 7, 2017, and they have two minor children.  At the time of the decree, Wife was 45 years old and Husband was 44.  After a trial, the superior court issued its dissolution decree, finding in relevant part that Wife was entitled to spousal maintenance under Arizona Revised Statutes ("A.R.S.") section 25-319(A).  The court then determined, under A.R.S. § 25-319(B), that Husband must "pay [Wife] spousal maintenance in the amount [of] $400.00 per month for 48 months.  The 48 months will allow [Wife] the time needed to secure additional employment and arrange for any training needed to secure appropriate employment as well as time to hopefully control her bi-polar and anxiety."  Wife's timely appeal followed.

¶3        We review the superior court's decision fixing the duration of spousal maintenance for an abuse of discretion and will not disturb that decision if it is supported by reasonable evidence.  *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007).  The factors listed in A.R.S. § 25-319(B) guide the exercise of that discretion.  *Id.* at 377, ¶ 10.  "In what is necessarily a case-by-case inquiry, some factors will not apply," but a court abuses its discretion "by neglecting an applicable factor."  *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993).

¶4        The goal of spousal maintenance is "to promote a diligent effort to become financially independent," a goal that "must be balanced with some realistic appraisal of the probabilities that the receiving spouse will in fact subsequently be able to support herself in some reasonable approximation of the standard of living established during the marriage." *Hughes v. Hughes*, 177 Ariz. 522, 523–24 (App. 1993) (quoting *Rainwater*, 177

Ariz. at 503); *see also Thomas v. Thomas*, 142 Ariz. 386, 391 (App. 1984) ("[W]hile encouraging a [spouse] to seek employment is a worthy purpose, a judgment cannot be based upon mere hopes and speculative expectations."). Accordingly, although a court has discretion to award indefinite maintenance to a spouse who is unlikely to achieve financial independence, *Rainwater*, 177 Ariz. at 503, a court generally does not abuse its discretion by fixing an award's duration unless "countervailing factors subordinate the objective of requiring an effort toward independence by the receiving spouse," *see Hughes*, 177 Ariz. at 525.

¶5         Wife does not challenge the monthly amount of the spousal maintenance award, arguing instead that the superior court abused its discretion by awarding maintenance for only 48 months instead of making the award indefinite. Specifically, Wife contends that through her own testimony and documents from the Social Security Administration ("SSA"), she conclusively established she could not return to work because she is "bi-polar and suffer[s] from anxiety and depression." She asserts the superior court did not properly apply this evidence under A.R.S. § 25-319(B)(3).

¶6         As an initial matter, Wife's argument fails to recognize that evidence of physical and emotional conditions is but one of many factors a court considers in determining the duration of a spousal maintenance award. The superior court's decree appropriately listed all of the statutory factors and discussed the evidence pertinent to each. *See* A.R.S. § 25-319(B). As to A.R.S. § 25-319(B)(3), specifically, the court noted Wife's testimony that she had been hospitalized and currently takes medication because she suffers from bipolar disorder, anxiety, and depression. The court also noted Wife submitted a letter into evidence establishing that the SSA pays her approximately $1,200 each month in benefits. This letter, however, does not state the basis for the payments, whether Wife's eligibility terminates on her return to work, nor whether the SSA determined she would be unable to do so. The court also noted other evidence weighing against an indefinite award. Specifically, Wife worked before and during a portion of the marriage, earning more than Husband during those periods; her employment history is primarily in accounting; and she had been receiving SSA benefits for under a year and last worked in 2015.

¶7         Given this conflicting evidence on the subject, we cannot say the court's conclusion that Wife likely could return to work was unsupported by reasonable evidence. Wife cites no evidence that the court failed to address; instead, she disputes a conclusion the court drew from conflicting evidence. Contrary to Wife's argument, however, we do not

substitute our discretion for that of the superior court. *Cooper v. Cooper*, 130 Ariz. 257, 261 (1981). Where, as here, the recipient spouse has neither been absent long from the job market nor lacks the skills needed to presently pursue employment, the marriage was of moderate duration, and the evidence does not conclusively establish the recipient spouse is unlikely to return to work, a court does not abuse its discretion by adhering to the goal of spousal maintenance and limiting an award's duration. *See Hughes*, 177 Ariz. at 525; *see also Thomas*, 142 Ariz. at 392 (noting that a long-term marriage and absence from the labor market combined with "the lack of a presently existing employment skill" weigh in favor of an indefinite award (quoting *Lindsay v. Lindsay*, 115 Ariz. 322, 328 (App. 1977))).

**¶8**          Accordingly, we affirm the spousal maintenance award. Both parties request attorneys' fees under A.R.S. § 25-324. We decline to award fees to Wife, and Husband is self-represented on appeal. We award taxable costs to Husband subject to his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA