NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JORGE L. GONZALEZ, *Petitioner/Appellant*,

*v.*

PAULINA GONZALEZ, *Respondent/Appellee*.

No. 1 CA-CV 20-0533 FC
FILED 6-17-2021

Appeal from the Superior Court in Maricopa County
No. FC 2018-000125
The Honorable Mark H. Brain, Judge

**AFFIRMED IN PART, REVERSED IN PART, REMANDED**

COUNSEL

Davis Miles McGuire Gardner PLLC, Tempe
By Spencer T. Schiefer
*Counsel for Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1　　　　Jorge Gonzalez ("Husband") appeals the portions of a decree of dissolution of marriage ("Decree") that pertain to the distribution of property and award of retroactive child support. We affirm in part, reverse in part, and remand.

## BACKGROUND

¶2　　　　Husband and Wife married in 1996 and had three children. In January 2018, Husband petitioned to dissolve the marriage. As relevant to this appeal, the couple acquired three pieces of real property during the marriage, the marital home on Amber Lane in Gilbert ("Amber Lane"); a house on Betsy Court in Gilbert ("Betsy Court"); and a house Wife used to run a daycare on Alma School Road in Mesa ("Alma School"). Also relevant here, Wife signed a disclaimer deed to Betsy Court and Alma School. The couple also owned numerous vehicles, including a 2002 Jeep Wrangler ("2002 Jeep") and 2006 Lincoln Navigator ("Navigator").

¶3　　　　After a two-day dissolution trial, the superior court entered the Decree dissolving the parties' marriage. The court ordered child support, determined legal decision-making and parenting time for the remaining minor child, and divided the community assets and liabilities.

¶4　　　　Shortly after entry, Husband filed a motion to alter or amend judgment ("Motion to Amend"). The superior court issued a minute entry explaining that "[it] considered the matters raised in that motion at the conclusion of trial and did not find that the evidence supported additional awards." The court denied Husband's motion. Husband timely appeals. Wife has not filed an answering brief, but in our discretion we decline to treat it as a confession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

**DISCUSSION**

**¶5**      Husband seeks review of both the superior court's order regarding child support and the division of community assets. "We will not disturb [the superior] court's decision on the amount of child support . . . absent an abuse of discretion." *In re Marriage of Robinson*, 201 Ariz. 328, 331, ¶ 5 (App. 2001). We review de novo the legal question of whether property should be classified as community or separate. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007). We view the record on appeal in the light most favorable to upholding the superior court's decision. *Cooper v. Cooper*, 130 Ariz. 257, 260 (1981).

**I.**      **Child Support Judgment**

**¶6**      Husband argues the superior court erred by deviating from the Arizona Child Support Guidelines when awarding a retroactive child support judgment. *See* A.R.S. § 25-320 app. (2018) ("Guidelines"). The court must award the amount of child support resulting from the application of the Guidelines unless the result "would be inappropriate or unjust in a particular case." Guidelines § 3. If deviating from the Guidelines, the court must make specific written findings to support its decision. Guidelines § 20(A)(3).

**¶7**      When the dissolution proceeding began, the couple's children were 18, 17 and 15. The middle child turned 18 in September 2018 but the youngest was still a minor at the time of trial. The superior court ordered Husband to pay monthly child support and awarded Wife a judgment of $20,306 "for appropriate past [child] support from the date of filing of the current petition until today." The retroactive child support order covered 28 months—from the date of filing, January 2018, until the court entered the Decree in April 2020.[1]

**¶8**      The superior court included a completed Child Support Worksheet reflecting a support obligation for one child of $585 per month. The total for 28 months of support for one child at $585 per month would be $16,380—$3,926 less than the court's order. However, the court also found that the middle child did not graduate from high school until May 2019 and adopted both Child Support Worksheets submitted by Wife with her written closing argument. The court may require a parent to pay child support through the end of the school year during which the child turns 18

---

[1]      As of the trial, Husband had paid no child support and was therefore granted no credit.

years old. A.R.S. § 25-501(A); *cf. State v. Huskie*, 202 Ariz. 283, 286, ¶ 13 (App. 2002) (finding 18 year-old child emancipated on date of graduation from high school).

**¶9**     The superior court applied the Guidelines which resulted in Husband owing $816 per month for two children for 17 months ($13,872), plus $585 per month for one child for 11 months ($6,435). This brings the total retroactive support obligation to $20,307. Although the court failed to fully explain its support order, it did not deviate from the Guidelines. Because the court's clerical error is de minimis, amounting to $1 in Husband's favor, we affirm the court's retroactive support order against Husband.

## II.     Division of Property

**¶10**     We view the record in the light most favorable to upholding the superior court's classification of property as community or separate. *Cooper*, 130 Ariz. at 260. "[W]e will not alter the superior court's community property distribution absent an abuse of that court's broad discretion to apportion the community property." *Saba v. Khoury*, ___ Ariz. ___, ___, ¶ 5, 481 P.3d 1167, 1170 (App. 2021); *see also Fuentes v. Fuentes,* 209 Ariz. 51, 56, ¶ 23 (App. 2004) ("An abuse of discretion exists when the trial court commits an error of law in the process of exercising its discretion."); *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (citation omitted) ("An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision."). We will not reweigh conflicting evidence on appeal. *O'Hair v. O'Hair*, 109 Ariz. 236, 240 (1973).

### A.     Commingled Funds

**¶11**     Husband argues the superior court erred by granting Wife equitable liens for half of the value of both the Betsy Court and Alma School properties, given that she had executed disclaimer deeds on both properties. Property acquired during marriage is presumed to be community property. A.R.S. § 25-211(A); *see also Brebaugh v. Deane*, 211 Ariz. 95, 97–98, ¶ 6 (App. 2005). However, this presumption can be rebutted with a signed disclaimer deed. *See Bender v. Bender*, 123 Ariz. 90, 93 (App. 1979). A disclaimer deed is "a binding contract that must be enforced in the absence of fraud or mistake." *Bell-Kilbourn*, 216 Ariz. at 523, ¶ 7.

**¶12**     Although Wife challenged the validity of the disclaimer deeds at trial, she did not allege fraud or mistake. The superior court found that

the Betsy Court and Alma School properties were Husband's separate property. *See id*. at 524, ¶ 11.

¶13 In granting equitable liens to Wife, the court also found that both properties were financed solely with community funds. At trial, both parties acknowledged that all home loan payments on Betsy Court were paid from the couple's joint bank accounts. The record shows that Wife's business income and client payments, Husband's paychecks, and the rents generated by Betsy Court were deposited in the joint accounts. Husband testified that he and Wife were "commingl[ing] money" in their joint accounts. Wife also testified that all the home loan payments and repairs on Alma School were paid for with community funds.

¶14 Husband argues the Betsy Court rents were used to make the loan payments due on that property. He argues that because Betsy Court was his separate property, the rents it generated likewise were his separate property. The superior court found, however, that Husband commingled the rents by depositing them into the couple's joint accounts. "Where both community property and separate property are commingled in a [f]und so that the separate property loses its identity, the presumption is tha[t] the whole fund is community." *Guthrie v. Guthrie*, 73 Ariz. 423, 426 (1952). If home loan payments are made from commingled funds, "there is a presumption that community funds were used." *Drahos v. Rens*, 149 Ariz. 248, 251 (App. 1985).

¶15 Husband argues the superior court erred by not finding he adequately traced the funds by showing that Betsy Court rents deposited into the joint bank accounts were linked to loan payments made from those accounts. But once the rents were deposited into the joint accounts, the commingling occurred. *See Guthrie*, 73 Ariz. at 426. The burden was on Husband to trace the funds through the account. Husband did not do an adequate job of tracing his separate fund deposits. We agree with the court, the rents from Betsy Court did not retain their separate character and became community funds.

## B.    Valuation Analysis

¶16 Husband argues the superior court erred in calculating the value of the community liens against the Betsy Court and Alma School properties. In Arizona, using community funds to benefit separate property creates a community interest in that property, which may be vindicated through an equitable lien. *Lawson v. Ridgeway*, 72 Ariz. 253, 261–62 (1951). "The existence and the value of an equitable lien present mixed questions

of fact and law." *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010). We will not set aside the court's factual findings unless clearly erroneous. *Id.*; *see also Kocher v. Dep't of Revenue*, 206 Ariz. 480, 482, ¶ 9 (App. 2003) ("A finding of fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists."). However, "we draw our own legal conclusions from the facts found or implied by the family court." *Valento*, 225 Ariz. at 481, ¶ 11.

¶17        An equitable lien on real property is calculated by applying a value-at-dissolution formula. *See Drahos*, 149 Ariz. at 250. If the property increased in value during the marriage, the *Drahos/Barnett* formula is used to compensate the community for the increase in value attributable to the community's contribution. *See Barnett v. Jedynak*, 219 Ariz. 550, 555, ¶ 21 (App. 2009); *see also Saba*, 481 P.3d at 1170, ¶ 6. (explaining that absent fraud or mistake, disclaimer deeds must be enforced). The *Drahos/Barnett* formula is C + (C/B x A), "where C is the total of any community contributions to reduce principal; B is the purchase price; and A is the amount the property appreciated during the marriage." *Saba*, 481 P.3d at 1171, ¶ 13.

¶18        The formula the superior court used resembles that applied in *Femiano v. Maust*, 248 Ariz. 613, 618, ¶ 23 (App. 2020). After *Femiano*, this issue was reevaluated and in *Saba*, this court determined that the *Drahos/Barnett* approach was the preferable way to determine an equitable lien on real property. *Saba*, 481 P.3d at 1172, ¶ 17. We agree. For that reason, we vacate the superior court's finding and direct it to apply the *Drahos/Barnett* formula to determine the community lien on Betsy Court. In determining the lien, the court should consider whether any post-petition loan payments on Betsy Court were made from Husband's separate accounts.

¶19        The superior court also granted the community a lien on the Alma School property, which was sold before the petition for dissolution was filed. When the property was sold, the proceeds of the sale, $180,077.84, were deposited into a joint account created solely to hold the sale proceeds. Since the funds were not commingled, they remained Husband's sole and separate property. As noted above, the court should have applied the *Drahos/Barnett* formula to determine the community interest in the proceeds. We vacate the superior court's finding and direct it to apply the *Drahos/Barnett* formula to determine the community lien on the Alma School property proceeds.

### C.     Amber Lane Property

#### 1.     Repairs Reimbursement

**¶20**        Husband argues the superior court erred by failing to adjudicate his claim for the reimbursement of $4,583.53 from Wife for repairs made to prepare Amber Lane for sale. According to Husband, he made the repairs at the direction of the real estate agent appointed as a special commissioner for the sale of the couple's marital home. Husband raised this argument both during trial and in his Motion to Amend. *See* Ariz. R. Fam. L. P. 83. The court declined to award Husband an offset for repairs. In the Decree, the court stated that the "allocation of the real and personal property, when considered with the division of debt, is fair and equitable under the circumstances and that no further adjustments are necessary." As stated above, we will not alter the court's distribution of community property unless it abused its broad discretion. *Saba*, 481 P.3d at 1170, ¶ 5. While the court has discretion to make such equitable offsets, it is not required to do so. We affirm.

#### 2.     Builder Settlement

**¶21**        Husband argues the superior court erred by failing to adjudicate his claim for half of a $19,000 construction settlement that Wife retained. Husband raised this claim both at trial and in the Motion to Amend, and the court declined to award an offset for the alleged settlement.

**¶22**        "The [superior] court has an obligation to equitably divide clearly identified community property." *Nold v. Nold*, 232 Ariz. 270, 274, ¶ 20 (App. 2013). The only evidence to support the payment of the construction settlement, however, is Husband's testimony at trial and his reference to a settlement statement that was not admitted into evidence. Further, in the Motion to Amend, Husband claimed the settlement was $13,000. The court explained that it "considered the matters raised in [the Motion to Amend] at the conclusion of trial and did not find that the evidence supported additional awards." We assume the court made all findings necessary to support its decision. *See Mathews ex rel. Mathews v. Life Care Ctrs. of Am.*, 217 Ariz. 606, 611, ¶ 21 (App. 2008). Husband's claim is not supported by the record. We affirm.

## III.    Vehicles

### A.    Lincoln Navigator Value

¶23    Husband next argues the superior court erred in ascribing a value of $2,500 to the Navigator. As stated above, we review the superior court's equitable distribution of community property for an abuse of discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). Here, Wife testified at trial that she sold the Navigator for $3,000 and agreed that she owed Husband $1,500 for his share of the proceeds. Given Wife's concession, we vacate that portion of the decree and direct the court on remand to award Husband one half of the $3,000 Wife received for the vehicle.

### B.    2002 Jeep Insurance Proceeds

¶24    Finally, Husband argues the superior court erred by awarding Wife one half of the insurance proceeds he received when their 2002 Jeep was totaled.[2] Husband purchased the 2002 Jeep for $13,250. Husband and Wife both agree that Husband gave the 2002 Jeep to their adult daughter, although it remained titled in Husband's name. After the vehicle was totaled, Husband received an insurance settlement for $9,931.20, which he gave to the parties' daughter.

¶25    At trial, Wife stated she wanted nothing from the insurance payment related to the totaled 2002 Jeep. Rather, she opined it would be equitable to award Husband the 2002 Jeep and her the 2011 Escalade, which she claimed was worth $9,000. The superior court awarded Wife the Escalade as she requested, valuing it at $10,000. In doing so, the court necessarily needed to effectuate the remainder of the calculation to arrive at what she determined would be equitable. Wife waived her interest in the 2002 Jeep and, by extension, the insurance proceeds paid to Husband when it was totaled. The court erred by awarding Wife half of the proceeds. We vacate that portion of the decree and direct the court on remand to address this division in accordance with Wife's concession during her testimony at trial.

## IV.    Attorney's Fees

¶26    Husband requests attorney's fees and costs on appeal under A.R.S. § 25-324 and ARCAP 21(a). In the exercise of our discretion, we deny

---

2    The superior court mistakenly referred to the totaled Jeep as a 2006 Jeep Wrangler.

Husband's request for attorney's fees. Husband is entitled to his costs on appeal upon compliance with ARCAP 21(a).

**CONCLUSION**

**¶27**         For these reasons, we affirm in part, reverse in part, and remand to the superior court for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:     AA