NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

BEATRICE VALENCIA, *Petitioner/Appellee*,

*v.*

SHAD PARIS GARCIA, *Respondent/Appellant*.

No. 1 CA-CV 21-0643 FC
FILED 12-6-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-071518
The Honorable Joseph Kiefer, Judge

**AFFIRMED**

COUNSEL

Beatrice Valencia, El Mirage
*Petitioner/Appellee*

R.J. Peters & Associates, P.C., Phoenix
By Lowen C. Jones
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1 Shad Paris Garcia ("Husband") appeals from the superior court's dissolution decree. He argues that the superior court improperly classified his personal property as "community assets." We disagree and affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The superior court found that Husband began serving a ten-year prison sentence in 2014. While Husband was in prison, Beatrice Valencia ("Wife") lived in the marital residence until Husband's father told Wife she needed to either start paying rent or leave. Being unable to afford the rent, Wife moved out.

¶3 Wife claimed Husband's father told her she could take anything she wanted from the home. Wife also claimed she told Husband she was moving out and that he mentioned nothing about preserving the property within the home. Husband maintained that Wife did not tell him she was moving out until after she left.

¶4 When Wife moved from the home, she placed many of the home's items in a storage unit. Wife asserted that Husband was aware she transferred the property into a storage unit and "never made efforts to obtain the property." Wife only paid the storage fees for a few months but left the items in storage indefinitely. Wife thought the storage facility took the property or auctioned off the items. Wife claimed she did not receive profits from the property.

¶5 In the parties' joint pretrial statement, Husband alleged Wife took items from the home that were his "sole and separate property." Husband requested that the items be returned or that he be reimbursed. Wife maintained that she did not have "any of Husband's personal property." At the trial, Husband assessed the items he left in the home with

approximate values and identified whether each item was acquired before or after the marriage.

¶6        The superior court entered a dissolution decree. The court awarded Husband the marital residence as his sole and separate property. The court found Husband "failed to provide any supporting information for his claims" that he acquired the personal property inside the home before marriage. The court alternatively found that if Husband acquired the property before marriage, Husband and Wife "used the personal property in the home in support of the community" such that most of the items, excluding Husband's clothes and tools, "became community assets." The court classified Husband's tools and clothes as his "sole and separate property" because Wife did not testify that she used the items.

¶7        The court awarded Wife "the property in her possession from when she initially left the home as her sole and separate property." The court found Husband "failed to take reasonable steps to secure items" he believed belonged solely to him and "failed to pay his share of the storage fees." Thus, any property value owed to Husband from the items in the storage unit was "offset by [his] unpaid share of the cost to store the items."

¶8        Husband moved for relief from the judgment under Arizona Rule of Family Law Procedure 85 ("Rule 85"), arguing that the court improperly classified the property within the home as community property. Denying the motion, the court explained Husband "failed to produce any actual invoices or receipts but only a self-made list and his own testimony regarding certain personal property items." The court found Husband's evidence "unpersuasive." It reiterated that even if he acquired the property before marriage, Husband and Wife used most of the property "during the marriage such that it was comingled and converted to community property."

¶9        Husband appealed the denial of his motion for relief from judgment in October 2021. This court stayed the appeal until the superior court filed a signed order, which it did.

¶10        On February 14, 2022, Husband requested the trial transcripts. He filed his notice of transcript order with this court on February 28, 2022. In the notice, Father claimed the court reporter notified him that she would complete the transcript by March 4, 2022. There is no evidence Husband secured the trial transcript as they are not in the record on appeal.

¶11        We have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶12**        Husband argues that this court should reverse the superior court's denial of his motion for relief from judgment because the court improperly found the home's assets were commingled and community property.

**¶13**        We review the denial of a Rule 85 motion for an abuse of discretion, and we review interpretations of statutes and rules *de novo. Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 10 (App. 2017). We view the facts "in the light most favorable to sustaining the superior court's order." *Id.* We will affirm the superior court's fact-finding unless it is clearly erroneous and give "due regard" to the court's witness credibility assessments. *See* Ariz. R. Fam. Law P. ("ARFLP") 82(a)(5).

**¶14**        Property is "separate" if a party acquired it either before the marriage or during the marriage by gift, devise, or descent. A.R.S. § 25-213(A). All other property acquired during the marriage is community property unless demonstrated otherwise by clear and convincing evidence. A.R.S. § 25-211(A); *Sommerfield v. Sommerfield*, 121 Ariz. 575, 577 (1979). If community property and separate property are commingled, the property is "presumed to be community property unless the separate property can be explicitly traced." *See Cooper v. Cooper*, 130 Ariz. 257, 259 (1981) (quoting *Porter v. Porter*, 67 Ariz. 273, 281 (1948), *overruled on other grounds by Cockrill v. Cockrill*, 124 Ariz. 50, 53–54 (1979)).

**¶15**        An appellant must include in the record transcripts or other documents necessary to resolve the issues on appeal. ARCAP 11(b), (c); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003). "When no transcript is provided on appeal, the reviewing court assumes that the record supports the trial court's decision." *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009) (quoting *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998)). Additionally, as relevant here, an appellant must order transcripts "within 10 days after entry of an order disposing of the last timely remaining motion under Rule 9(e)." ARCAP 11(c)(2). An appellant must also file a notice of transcript order with the court within 15 days of the same order. ARCAP 11(c)(3).

**¶16**        As noted above, the trial transcripts are not in the appellate record. Husband allegedly requested the production of the trial transcripts but asked for them too late. Husband requested the trial transcript on February 14, more than ten days from the superior court's signed order entered on January 26. Husband filed his notice of transcript order on

February 28, more than 15 days from the superior court's January 26 signed order. Moreover, nothing in the record shows Husband followed up with the court reporter after she failed to provide the transcript. Not only was Husband's transcript request and notice untimely, but he failed to obtain the transcripts. Because we do not have the trial transcripts, we must assume the missing record supports the superior court's findings. *See Kline*, 221 Ariz. at 572, ¶ 33.

**¶17** Husband contends he "presented testimony evidence as to multiple pieces of his separate property." No evidentiary record supports Husband's assertion. *See* ARCAP 13(a)(7) (An appellant must support reasons for each issue with "appropriate references to the portions of the record on which the appellant relies."). Husband also claims that he "provided an inventory . . . of his sole and separate property." But the superior court found the list lacking because Husband failed to support it with invoices or receipts to show when he purchased the property. Rather, next to each listed item, Husband merely flagged whether the property was acquired before or during the marriage and how much he believed each item was worth. The superior court did not err by finding Husband failed to provide enough evidence that the items, other than his clothes and tools, were his separate property.

**¶18** Husband also argues on appeal that Wife lied throughout her testimony. Because Husband did not include the trial transcripts in the appellate record, and we defer to the superior court's witness credibility assessments, we cannot say the superior court erred by rejecting Husband's separate property claims. *See Kline*, 221 Ariz. at 572, ¶ 33; *see also* ARFLP 82(a)(5).

**¶19** Husband objects to the superior court's alternate conclusion that the personal property was commingled. Husband is correct that "[c]ommingling can transmute financial accounts but not tangible assets." *Brucklier v. Brucklier*, 253 Ariz. 579, 584, ¶ 21 (App. 2022). But we will not reverse this alternate holding because Husband failed to prove the property was separate. We cannot meaningfully review the superior court's analysis without a trial record. Because Husband did not provide record evidence to support his arguments, we conclude the superior court did not abuse its discretion by denying his motion for relief from the judgment.

## ATTORNEY'S FEES

**¶20** Husband requests attorney's fees under A.R.S. § 25-324. Per our discretion, we deny the request.

**CONCLUSION**

¶21        We affirm the judgment.



AMY M. WOOD • Clerk of the Court
FILED:   AA