NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DONALD RICHARD SCHERRER, *Petitioner/Appellee,*

*v.*

RACHELE SCHERRER, *Respondent/Appellant.*

No. 1 CA-CV 24-0055 FC

FILED 11-19-2024

Appeal from the Superior Court in Maricopa County
No. FC2021-053427
The Honorable Andrew J. Russell, Judge

**AFFIRMED**

COUNSEL

The Ber Law Firm, Phoenix
By Hershel Ber
*Counsel for Petitioner/Appellee*

Rose & Associates, PLLC, Chandler
By Timothy J. Rose
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1**   Rachele Scherrer ("Wife") appeals the superior court's dissolution decree ending her marriage to Donald Scherrer ("Husband"), along with its denial of her motion to alter or amend the judgment. She challenges the amount of a community's lien on her sole and separate property. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**   Husband and Wife married in 2008. A year later they purchased a house in Buckeye. Husband signed a disclaimer deed, disavowing any interest in the property. The couple refinanced the house in 2020, and Husband signed another disclaimer deed. All mortgage payments and expenses on the house were made from community property.

**¶3**   The superior court entered a dissolution decree in the summer of 2023. It determined the house was Wife's sole and separate property, but the community was entitled to an equitable lien of $216,000, representing its equity. The court reasoned the community was entitled to all the equity in the house because it paid for the house and all housing expenses.

**¶4**   Wife timely appealed. We have jurisdiction. *See* Ariz. Const. art. VI, § 9; A.R.S. §§ 12-2101(A)(1), -120.21(A)(1).

## DISCUSSION

**¶5**   Wife argues the superior court abused its discretion by awarding all equity in the house to the community. The existence and value of a community lien is a mixed question of law and fact, which we review for an abuse of discretion and will uphold unless clearly erroneous or unsupported by credible evidence. *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010). We view the evidence in the light most favorable to

upholding the superior court's judgment. *Cooper v. Cooper*, 130 Ariz. 257, 260 (1981).

¶6            Property acquired during marriage is presumptively community property, but a signed disclaimer deed rebuts that presumption. *See Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 524, ¶ 11 (App. 2007). The community is still entitled to reimbursement, however, for its contributions to the separate property through an equitable lien. *Saba v. Khoury*, 253 Ariz. 587, 590, ¶ 8 (2022). Wife bears the burden to prove she used only separate assets to purchase the home and cover its expenses. *See Drahos v. Rens*, 149 Ariz. 248, 251 (App. 1985).

¶7            Wife argues the community is not entitled to all the equity in the home because Husband disclaimed his interest. Although the disclaimer deeds are valid, the community is nevertheless entitled to an equitable lien for its contribution. *See Valento*, 225 Ariz. at 481, ¶ 12. The superior court attributed all the equity in the property to the community because community assets were used to purchase and maintain the house. The record has substantial evidence to support that holding.

¶8            Wife next contends the superior court erroneously awarded all appreciation in the house to the community. Wife had the burden to prove any increase in value was not attributable to community efforts. *Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979). She did not meet that burden because she presented no evidence the appreciation was separate property.

¶9            Finally, Wife argues the superior court should have applied the *Drahos/Barnett* formula to calculate the lien's value. *See Barnett v. Jedynak*, 219 Ariz. 550, 554, ¶ 16 (App. 2009). We are not persuaded. Arizona courts need not use the *Drahos/Barnett* formula; that formula is a starting point that may be adapted to fit the facts of a specific case. *Saba*, 253 Ariz. at 592, ¶ 16.

¶10            At a minimum, when calculating the value of a lien, the superior court must consider the community's contribution and divide the appreciation attributable to the community. *Id.* The court did so here when it accounted for the community's contributions (downpayment and mortgage payments) and credited the community for appreciation. We discern no abuse of discretion.

**CONCLUSION**

**¶11**         We affirm.  Husband requested attorney fees under ARCAP 21 and A.R.S. § 25-324.  We decline to award attorney fees in our discretion.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV