730 P.2d 870

**In re the MARRIAGE OF Vivian L. CUPP, Petitioner-Appellee,**

**and**

**William Cupp, Respondent-Appellant.**

**No. 1 CA–CIV 8843.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 16, 1986.

John A. Preston, Prescott, for petitioner-appellee.

Walraven & Roberts by Paul L. Roberts, Prescott, for respondent-appellant.

## OPINION

GRANT, Judge.

The primary issue presented in this appeal is whether a workers' compensation award commuted to a lump sum payment during a marriage is community or separate property.

The facts pertinent to this appeal are undisputed. The parties were married in August 1973, and a final decree of dissolution was entered on March 25, 1985. Shortly thereafter, the husband, William Cupp, moved to set aside the decree as to the division of property only. After a trial to the court, the court awarded the wife, Vivian, certain assets including personal and real property she had purchased with the funds she received in a lump sum workers' compensation payment during the marriage.

Approximately four years prior to the lump sum payment, Vivian had suffered an on-the-job injury and had been receiving monthly payments until her award was commuted to the lump sum payment in February, 1983. The payment was initially deposited in the parties' joint checking account. Within a month, the funds were transferred to a checking account in Vivian's name only. From those funds, Vivian purchased an automobile, furniture and two parcels of real property, one with a house trailer situated on it. The lots were purchased as an investment to obtain a monthly income and for the future benefit of the parties' four children. Title to both lots was taken in both parties' names as joint tenants with right of survivorship.

William Cupp appeals from the trial court's award to Vivian as her sole and separate property, the two parcels of real property, the automobile and the mobile home she had purchased with the funds received in the lump sum workers' compensation award. He argues that the lump sum payment was community property and therefore the assets purchased with those funds are community property. In the alternative, William argues that if the award was separate property, it was commingled with the parties' community property, transmuting it to community property.

In *Dawson v. McNaney,* 71 Ariz. 79, 84, 223 P.2d 907, 910 (1950), the supreme court first held that workers' compensation payments received during a marriage were community property. More recently, in *Bugh v. Bugh,* 125 Ariz. 190, 608 P.2d 329 (App.1980), this court held that workers' compensation benefits paid *after* the dissolution of a marriage for injuries suffered during the marriage are the separate property of the spouse receiving the award. In reaching its conclusion, the court noted that workers' compensation payments are "in lieu of lost wages and not as damages

for pain, suffering and monetary loss caused by the fault of the employer." *Id.* at 192, 608 P.2d at 331 (quoting *Sorenson v. Six Companies,* 53 Ariz. 83, 90, 85 P.2d 980, 983 (1939)). The basis of the award is "lost earning capacity." *Bugh v. Bugh,* 125 Ariz. at 192, 608 P.2d at 331; *see also Pima County Bd. of Supervisors v. Industrial Commission,* 149 Ariz. 38, 716 P.2d 407 (1986). The court also pointed out that the portion of a personal injury· recovery representing lost wages during a marriage is considered community property. *Bugh v. Bugh,* 125 Ariz. at 192, 608 P.2d at 331 (citing *Jurek v. Jurek,* 124 Ariz. 596, 606 P.2d 812 (1980)).

> The *Bugh* court concluded:
> Workmen's compensation is designated as a 'lost earning capacity' award. It is not an award for personal injuries or pain and suffering. Workmen's compensation paid during the marriage is compensation for earnings that otherwise would be paid to and earned by the community *during the disability period* while the marriage is intact. Likewise workmen's compensation paid after the community has been dissolved is compensation for earnings that otherwise would be paid to and earned by the injured worker *during the disability period* after the marriage.

125 Ariz. at 192, 608 P.2d at 331 (emphasis in original). The court ultimately concluded that workers' compensation benefits paid after the dissolution of a marriage for injuries received during the marriage are the separate property of the worker after the dissolution. *Id.*

There are no Arizona cases which discuss the effect to be given a lump sum workers' compensation payment made during the marriage. The Industrial Commission has the authority to commute workers' compensation benefits to a lump sum payment, not in excess of $25,000, when it appears to be in the best interests of the claimant. A.R.S. § 23–1067; *see also Prigosin v. Industrial Commission,* 113 Ariz. 87, 546 P.2d 823 (1976); *Rabago v. Industrial Commission,* 132 Ariz. 79, 643 P.2d 1049 (App.1982). The amount of the lump sum payment is the present value of the com-

pensation award, as determined by the Commission pursuant to its rules, regulations and method of computation. A.R.S. § 23–1067.

Vivian Cupp received monthly workers' compensation payments through February 1983, when her award was commuted to the lump sum payment. There is no question that the payments she received prior to the commutation of the award and during the marriage were community property. The lump sum payment she received was the present value of the future monthly payments she would have received for her period of disability.

■ Since only permanent disability awards can be commuted to lump sum awards, there can be no doubt that the period of disability extended through the remainder of the marriage and beyond. A.R.S. § 23–1067; *see also Time, D.C. Freight Lines v. Industrial Commission,* 148 Ariz. 117, 119, 713 P.2d 318, 320 (App. 1985). Therefore, at least part of the lump sum payment was in lieu of lost wages that would have been earned during the marriage. This portion is community property. The remainder of the lump sum payment, although paid during the marriage, was in lieu of future lost wages which would have been earned after the marriage. This portion is Vivian Cupp's separate property.

William Cupp did not raise on appeal the question of whether he is entitled to a community share of that portion of the award attributable to Vivian's lost wages during the marriage. He argued only that the trial court erred when it awarded Vivian the assets she acquired from the fund received in the lump sum payment. His only request for relief on appeal was that this court declare the entire lump sum payment to have been community property and reverse the trial court's judgment. We do not agree with the position. At the appellate level, there is an initial presumption that a judgment is correct and pursuant to *Chase v. State Farm Mut. Auto. Ins.,* 131 Ariz. 461, 641 P.2d 1305 (App.1982), the appellant must point out wherein the trial court erred. It is the function of this court to determine appeals based upon issues presented to it for review and we do not

extend the scope of our review beyond the issues fairly presented. *Id.* Since William presented us only with an "all or nothing" issue regarding the lump sum payment and since we have determined that some portion of the payment was Vivian's separate property we must affirm unless the lump sum payment was commingled transmuting it into entirely community property. William has not asked this court to remand so that the trial court can determine what portion is separate and what portion is community property.

As a general rule, property acquired by either spouse during marriage is presumed to be community property. *Cockrill v. Cockrill,* 124 Ariz. 50, 601 P.2d 1334 (1979); *Nationwide Resources Corp. v. Massabni,* 143 Ariz. 460, 694 P.2d 290 (App.1984). The spouse seeking to overcome that presumption has the burden of establishing the separate character of the property by clear and convincing evidence. *Cooper v. Cooper,* 130 Ariz. 257, 635 P.2d 850 (1981).

Separate property can be transmuted into community property by agreement, gift or commingling. *Nationwide Resources v. Massabni,* 143 Ariz. at 465, 694 P.2d at 295. William claims that if the lump sum workers' compensation payment was Vivian's separate property, it was transmuted into community property by commingling and by gift. When real property is paid for by one spouse and taken jointly in both names, the law presumes a gift. *Battiste v. Battiste,* 135 Ariz. 470, 472, 662 P.2d 145, 147 (App.1983). The spouse who purchased the property must prove otherwise by clear and convincing evidence. *Id.* Here, the evidence was uncontroverted that Vivian placed the real property in both parties' names as a testamentary device to avoid probate in the event of her death, as well as to protect the future of the parties' four children. Any presumption that she intended a gift was therefore defeated.

With respect to commingling, transmutation of separate property to community property occurs only when the identity of the property as separate or community is lost. The mere fact that the property was commingled does not cause it to lose its separate identity, as long as the separate property can still be identified. *Porter v. Porter,* 67 Ariz. 273, 280, 195 P.2d 132, 136 (1948); *Potthoff v. Potthoff,* 128 Ariz. 557, 564, 627 P.2d 708, 715 (App. 1981). Vivian Cupp purchased easily identifiable assets with the proceeds from the lump sum payment within a very short time after receiving those funds. The trial court could have concluded, based upon those facts, that the separate identity of those assets was not lost. This court will not substitute its judgment for that of the trial court when there is sufficient evidence to support the trial court's finding. *Love v. Double "AA" Constructors,* 117 Ariz. 41, 43, 570 P.2d 812, 814 (App.1977).

The judgment of the trial court is affirmed.

EUBANK, P.J., and HAIRE, J., concur.