NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

BRENDA FAYE LANIER, *Petitioner/Appellee,*

*v.*

GREGORY P. HALL, *Respondent/Appellant.*

No. 1 CA-CV 21-0664 FC
FILED 9-27-2022

Appeal from the Superior Court in Maricopa County
No. FN2019-052914
The Honorable Lori Ash, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Modern Law PLLC, Peoria
By Stacey Rogan
*Counsel for Petitioner/Appellee*

Becker Zarling & Smith Law, Avondale
By Gina M. Becker-Zarling
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

_____

**W I L L I A M S**, Judge:

¶1　　　　Gregory Hall ("Husband") appeals the superior court's decree dissolving his marriage to Brenda Lanier ("Wife"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　Husband and Wife married in 1986. In 2019, Wife petitioned for divorce. The parties agreed on several matters regarding the division of marital assets and debts and memorialized the same in an Arizona Rule of Family Law Procedure 69 agreement. But on matters they could not agree, they proceeded to trial.

¶3　　　　One of the central issues at trial involved real property. The parties disagreed whether three houses—one in Surprise, another in Laveen, and a third in Georgia—were community property or Husband's separate property. All three houses were purchased during marriage. The Surprise and Laveen houses were both sold during the marriage.

¶4　　　　Following trial, the superior court held that all three houses were community assets, not Husband's separate property. The court made various orders for the equal distribution between Husband and Wife of the proceeds from, or equity in, the value of each of the houses. For example, the Surprise home was sold for $177,500.00 in 2019 with net proceeds of $96,634.88. Each party received $27,500.00 with the rest held in an attorney trust account. The court ordered Husband to pay Wife one-half of the remaining funds held in trust. As for the Laveen house, the court found that it had been purchased during marriage from the proceeds of the sale of another community asset, a house in California. When Husband sold the Laveen house, he purchased the Georgia house using, in part, proceeds from the sale of the Laveen house. The court ordered Husband to pay Wife fifty percent of the equity in the Georgia house by a date certain; and further ordered that if he failed to do so, "the home shall be placed on the market for sale."

**¶5** Husband moved the superior court to reconsider and requested a new trial. The court declined. This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

*I.    Property Characterization*

**¶6** Husband argues the superior court erred in designating the Surprise, Laveen, and Georgia houses as community property. The court's property characterization is a question of law we review de novo. *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015).

**¶7** Property is divided in accordance with its character, which is determined at its acquisition. *Porter v. Porter*, 67 Ariz. 273, 281 (1948). Property acquired during marriage is presumed to be community property unless acquired by gift, devise, or descent or after service of a petition for marriage dissolution. A.R.S. § 25-211(A); *see Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979). This presumption applies even if "title is taken in the name of only one spouse." *Carroll v. Lee*, 148 Ariz. 10, 16 (1986). A spouse seeking to overcome this presumption has the burden to demonstrate by clear and convincing evidence that the property was separate property. *In re Marriage of Cupp*, 152 Ariz. 161, 164 (App. 1986). A signed disclaimer deed can rebut the presumption. *See Bender v. Bender*, 123 Ariz. 90, 93 (App. 1979).

**¶8** It is undisputed that each house was acquired during the marriage, and thus each was presumed to be community property. *See* A.R.S. § 25-211(A); *see also Cockrill*, 124 Ariz. at 52. This presumption applied even though title for the Surprise and Georgia houses were taken only in Husband's name. *See Carroll*, 148 Ariz. at 16. Husband, as the party who sought to overcome the presumption, had the burden to prove by clear and convincing evidence that the houses were his separate property. *See In re Marriage of Cupp*, 152 Ariz. at 164.

**¶9** The limited record before us supports the superior court's finding that Husband failed to meet this burden. *See id.*; *see also* ARCAP 11(a) (outlining the composition of the "record on appeal"); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("When a party fails to include necessary items, we assume they would support the court's findings and conclusion.").

**¶10** First, although Husband testified Wife signed some deeds, he only provided special warranty deeds but failed to provide any quitclaim or disclaimer deed that could have rebutted the presumption that the

houses were community property. *See Bender*, 123 Ariz. at 93. The court also found that Husband was not credible when the parties offered contradicting testimony such as on the question of whether Husband's mother gave $25,000.00 solely to Husband as a gift for the down payment on the Surprise house, or whether the $25,000.00 was intended for the benefit of the marital community. We defer to the superior court's "determination of witnesses' credibility and the weight to give conflicting evidence." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

**¶11**        Husband also maintains that because the parties separated their bank accounts as far back as 2008 and used their own separate bank accounts for their own needs, the three houses were by definition Husband's separate property since "there was no evidence of any mortgage payments, repairs, utilities or other contributions" for the houses coming from Wife's bank account, only from his bank account. But as the superior court explained, Husband's "earnings during marriage were community property, even if deposited into an account in his name alone." *See also Shaw v. Greer*, 67 Ariz. 223, 225 (1948) (In Arizona "the earnings of either of the spouses" while married "are community property").

**¶12**        Lastly, Husband argues in passing that "[a]lthough this Court has jurisdiction to split assets, this Court is outside of the jurisdiction to force a sale of the [Georgia house]." Husband offers nothing more to develop his argument, nor does he provide legal authority to support his position. *See* ARCAP 13(a)(7) (providing appellant must provide "citations of legal authorities . . . on which the appellant relies"); *see also MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient.").

**¶13**        On this record, the superior court did not err in characterizing the Surprise, Laveen, and Georgia houses as community property and issuing orders intended to provide for the equal distribution of proceeds from, or equity in, the value of each of the houses.

*II.     Trial Issues*

**¶14**        Husband also argues for the first time on appeal that there were "significant issues with the Teams Platform" at trial that "caused plain error" and that the superior court's "handling of the exhibits was an abuse of discretion causing undue harm to the parties." But, again, Husband fails to provide citations to legal authorities to support his argument. *See* ARCAP 13(a)(7). Further, after moving the superior court to reconsider its dissolution ruling and requesting a new trial, Husband stated that he "does

4

not believe the trial was unfair or that there was any irregularity o[r] abuse of discretion nor any error in rejection of evidence," but instead only "believe[d] that there was an error in the decision/judgment [that] is contrary to the law." Husband's trial error argument on appeal fails.

III.    *Attorney's Fees, Costs, and Sanctions*

¶15        As the successful party on appeal, Wife is awarded her costs upon compliance with ARCAP 21. In our discretion, we deny Wife's request for attorney's fees under A.R.S. § 25-324, which requires this court to consider both the financial resources of the parties and the reasonableness of positions taken. We also deny Wife's request for attorney's fees and sanctions under A.R.S. §§ 12-349, -350, and ARCAP 25.

## CONCLUSION

¶16        For the foregoing reasons, we affirm.

