NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

DAVID B. COLLIER, *Petitioner/Appellant,*

*v.*

JENNIFER L. JOHNSON, *Respondent/Appellee.*

No. 1 CA-CV 22-0551 FC
FILED 10-19-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-003078
The Honorable Glenn A. Allen, Judge

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

COUNSEL

Duenas Eden Cravatta, PLC, Phoenix
By Dorian L. Eden
*Counsel for Petitioner/Appellant*

Berkshire Law Office, PLLC, Tempe
By Kristi Reardon, Keith Berkshire
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Cynthia J. Bailey and Judge Brian Y. Furuya joined.

_____

**M O R S E**, Judge:

¶1        David Collier ("Husband") appeals from a Decree of Dissolution ("Decree").  We remand for new child support calculations, dismiss Husband's challenge to the attorney fees and costs issue for lack of jurisdiction, and affirm all other rulings.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Husband and Jennifer Johnson Collier ("Wife") married in November 2016 and subsequently had one child together.  Husband petitioned for dissolution of marriage in 2021, Wife accepted service on July 14, and the superior court held an evidentiary hearing in 2022.

¶3        Before the marriage, Husband had nearly $160,000 in a checking account ending in x0861 ("x0861").  Husband also held a Thrift Saving Plan ("TSP") loan with an outstanding balance of approximately $32,000.  Wife brought several rental properties into the marriage.

¶4        During the first six months of the marriage, Husband had six or seven payroll deductions totaling over $5,000 to repay the TSP loan.  Husband also began depositing his paychecks into x0861.  By July 11, 2017, Husband had deposited over $65,000 into x0861 and withdrawn over $58,000.  On July 11, Husband wrote a check for roughly $27,000 from x0861 to pay off the remainder of his TSP loan.

¶5        By August 8, 2017, Husband had deposited about $75,000 into x0861 and withdrawn over $92,000.  On August 8 Husband withdrew $125,000 from x0861 and deposited it into a Certificate of Deposit ("CD") at Ally Bank.  This money remained in various CDs until Husband transferred the principal plus interest back to x0861 in February 2020.  Two months later, Husband created a new bank account ending in x5308 ("x5308") and transferred $135,000 from x0861.

¶6        During the marriage, Wife opened two bank accounts ending in x0252 ("x0252") and x9073-0700 ("x9073").  She opened x0252 to hold child support payments from a previous marriage.  In November 2020, Wife

withdrew $100,000 from x9073 to pay down the mortgage on her separate property.

**¶7** Both parties concede their joint account ending in x3086 ("x3086") was community property, but Husband disputes whether a $25,000 retention bonus received by Husband on January 30, 2021, and deposited into x3086 should be characterized as community or separate property.

**¶8** On April 26, 2021, Husband deposited $14,000 into x0861. At the evidentiary hearing, Husband contended this was a gift from his mother.

**¶9** On July 12, 2021, Husband opened a checking account ending in x3713 ("x3713") and transferred over $72,000 into that account from x3086. Eleven days later, he transferred approximately the same amount back to x3086. At the end of July, Husband deposited a paycheck worth almost $12,000 into x3713.

**¶10** At the evidentiary hearing, Husband argued that the retention bonus, x3713, x0861, and x5308 should be his separate property because he properly traced the funds. Husband also contended he used separate funds to repay the TSP loan and Wife should not be reimbursed for that expense.

**¶11** The superior court equally divided x0861, x5308, x3086, and x9073 from the day of service and divided x3713 from August 20. Husband was ordered to reimburse the community for the repayment of the TSP loan. The superior court credited Husband with two other minor children, determined Husband had 71% of the income for child support purposes, and permitted him to claim the child on his tax returns half the time. The superior court credited both Husband and Wife with childcare and health care costs.

**¶12** The superior court also ordered Husband to pay Wife's attorney fees and costs and directed Wife to submit an application for them. The superior court delayed its decision on the amount of attorney fees and costs but certified its ruling on the Decree as a final, appealable order pursuant to Arizona Rule of Family Law Procedure ("Rule") 78(b). Following Wife's application, the superior court entered a separate final order in January 2023 awarding Wife $12,233 in attorney fees and costs.

**¶13** Husband timely appealed the Decree, and we have jurisdiction under A.R.S. § 12-2101(A)(1). *See Bollermann v. Nowlis*, 234 Ariz.

340, 342, ¶ 12 (2014) (stating that decrees that include Rule 78(b) language are appealable even if attorney fees are unresolved). Husband did not amend or submit a new notice of appeal after the superior court entered its final order on attorney fees and costs.

## DISCUSSION

**¶14** Husband argues that the superior court erred in its characterization and division of funds within x0861, x5308, x3713, x3086, and x9073. Husband also contends the superior court erred in calculating child support and awarding Wife attorney fees. We address each in turn, reviewing the court's division of property for an abuse of discretion but reviewing its characterization of the property de novo. *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8 (App. 2014). When, as here, neither party requested findings of fact or conclusions of law, *see* Ariz. R. Fam. Law P. 82(a), we presume that the superior court "found every fact necessary to support the judgment" and will affirm if any reasonable construction of the evidence justifies the decision, *Neal v. Neal*, 116 Ariz. 590, 592 (1977) (citation omitted).

## I. Accounts.

### A. Ally CD.

**¶15** Husband brought x0861 into the marriage as separate property. *See* A.R.S. § 25-213(A). Separate property can be transmuted into community property by agreement, gift, or commingling. *In re Marriage of Cupp*, 152 Ariz. 161, 164 (App. 1986). The superior court found that both x0861 and x5308 were commingled, and Husband failed to meet his burden of showing that the funds were his separate property. Husband argues his separate funds in x0861 were not commingled and were traceable because more community funds were deposited than paid out.

**¶16** An account brought into the marriage by one spouse may persist as separate property if the community funds deposited into it are "negligible." *Noble v. Noble*, 26 Ariz. App. 89, 95–96 (App. 1976). When separate and community property are commingled, there is a presumption the entire fund is community property "unless the separate property can be explicitly traced." *Cooper v. Cooper*, 130 Ariz. 257, 259 (1981) (quoting *Porter v. Porter*, 67 Ariz. 273, 281 (1948)). The party making the assertion bears the burden to prove that fact by clear and satisfactory evidence. *Id.* at 259–60.

**¶17** At the time Husband transferred $125,000 from x0861 to the Ally CD, about $75,000 of community funds had been deposited and over

4

$92,000 withdrawn from x0861. This includes over $50,000 in checks, $24,000 in credit card payments, and $4,000 in cash withdrawals. Apart from the TSP check, Husband failed to explicitly trace any of the withdrawals from x0861 and Husband cannot show that over $51,000 in withdrawals were used for separate or community expenses.

¶18        At the evidentiary hearing, Husband argued a "last-in-first-out" approach should be applied, wherein the last funds deposited are presumed to be the first funds expended. Even if Arizona utilized a "last-in-first-out" approach, because Husband failed to provide evidence that the withdrawals were for community expenses, he did not establish that the funds remaining in x0861 were separate property.

¶19        On August 8, there was over $143,000 in x0861. The roughly $75,000 of deposited community funds constitutes a non-negligible 52% of the account's total value. The superior court did not err in finding Husband failed to meet his burden of proving that the funds in x0861 retained a separate identity. Thus, the money that flowed from x0861 through the CD accounts to x5308 were also community funds.

¶20        Husband also argues that the superior court treated x0252 differently than his accounts. The superior court evenly divided the $4,643.72 of community funds deposited in x0252. The remainder of the money in x0252 were traceable child support payments from a separate marriage and were thus Wife's separate property. We affirm the classification of x0861 and x5308 as community property and the equal division of the accounts.

### B.    TSP Loan.

¶21        Husband also argues the check used to repay his TSP loan was separate property, and the only community property used to repay the loan were six or seven payroll deductions. The superior court found that community money was used to repay the TSP loan and Wife should be reimbursed for half of the expense.

¶22        Here, Husband failed to trace these funds and meet his burden of proving that x0861 was his separate property. *Cooper*, 130 Ariz. at 259–60. By July 11, 2017, over $65,000 of community funds had been deposited, and over $58,000 had been withdrawn. Further, the deposits constituted a non-negligible 39% of x0861's total value. "[W]e are constrained by the presumption that the Superior Court 'found every fact necessary to support the judgment, and such presumptive findings must be sustained if the evidence on any reasonable construction justified it.'" *Neal*,

116 Ariz. at 592 (quoting *Porter*, 67 Ariz. at 282). The record supports the superior court's implicit conclusion that Husband failed to meet his burden. *See Cooper*, 130 Ariz. at 259–60 ("Finally, the burden is upon the person claiming that the commingled funds, or any portion of them, are separate to prove that fact and the amount by clear and satisfactory evidence."). We affirm the reimbursement order.

### C.    Gift.

¶23        Husband argues the $14,000 deposit into x0861 in April 2021 was a gift from his mother. Property acquired via gift during marriage is considered separate property. A.R.S. § 25-213(A). Determining whether a gift has been made is a question of fact which we review under a clearly erroneous standard. *Chirekos v. Chirekos*, 24 Ariz. App. 223, 227 (1975). "Property acquired by either spouse during marriage is presumed to be community property, and the spouse seeking to overcome the presumption has the burden of establishing a separate character of the property by clear and convincing evidence." *Brebaugh v. Deane*, 211 Ariz. 95, 97–98, ¶ 6 (App. 2005) (quoting *Thomas v. Thomas*, 142 Ariz. 386, 392 (App. 1984)); *see* A.R.S. § 25-211(A).

¶24        At the evidentiary hearing, Husband provided two signed but unnotarized letters from his brother and sister stating the money was a gift. He also presented bank statements exhibiting a withdrawal of $14,000 from his mother's account. Husband argues there was less than $6,400 of community funds in x0861 on April 26, and because around $2,300 was deposited and $2,200 was withdrawn after that date, the $14,000 retained its separate character. Husband provided bank statements showing the withdrawals from x0861. While a portion of the withdrawals are discernable as several hundred dollars of grocery and gas expenses, he did not provide information on whether the remaining withdrawals were community or separate expenses.

¶25        It is unclear from the Decree whether the superior court decided the $14,000 was not a gift or that it was a gift but lost its separate character once deposited into x0861. Because Husband did not request findings of fact under Rule 82(a), we presume the court considered all the evidence necessary to sustain its rulings and if there is "reasonable evidence to support such finding, we must sustain the judgment." *Bender v. Bender*, 123 Ariz. 90, 92 (App. 1979). We affirm the division of the $14,000 because reasonable evidence supports the superior court's implicit finding that there either was no gift, or any gift deposited into x0861 was commingled and Husband provided insufficient tracing evidence to overcome that

presumption. *See Cooper*, 130 Ariz. at 257, 259 (noting a presumption that funds in a joint account are commingled absent proper tracing).

### D.    x9037.

**¶26**        Husband argues that the superior court erred in ordering x9073 be divided equally without regard to Wife's use of $100,000 of community property to pay down a separate debt. At the evidentiary hearing, Husband argued that x9073 should be divided equally because Wife took out $100,000 of community funds for payment on her separate property, and the superior court agreed. Husband also signed a Rule 69 agreement that the superior court adopted. The agreement stated that Husband would receive no equalization payments associated with that property. Husband waived this argument when he agreed to the Rule 69 agreement and failed to raise it before the superior court. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000) (noting that issues first raised on appeal are waived).

### E.    x3713.

**¶27**        Husband argues the superior court erred in using August 20, 2021, as the date of valuation for x3713 as it consisted of his separate property and the account should not have been divided. Wife contends that 42% of Husband's July paycheck was community property, and the superior court erred in using the August 20 date.

**¶28**        Because Husband's paychecks are considered community property until the date of service, the superior court did not err. *See* A.R.S. § 25-211. The record reflects that the 13 days before service constituted property earned during the marriage. And even if Wife is correct that nearly $5,000 (or 42%) of Husband's paycheck was community property, she did not cross appeal, and we affirm. *See Steiner v. Steiner*, 179 Ariz. 606, 613 (App. 1994) (stating that, absent a cross appeal, we lack jurisdiction to address errors identified by appellee).

### F.    Retention Bonus.

**¶29**        Husband argues his retention bonus was his separate property, and the superior court erred in dividing x3086 without giving him credit for the bonus. Husband's retention bonus was a prepaid bonus that accrued at a rate of 1/365 per day. If Husband separated from his employment early, he would be required to repay the unearned amount. At service, that amount exceeded $10,000. Husband argues that because the bonus accrued daily and he would have been responsible for repaying

the unearned amount, it should have been allocated as separate property. He also contends that it is inequitable for the parties to share the bonus because he alone paid income tax on it.

¶30            The characterization of property as community or separate is a question of law that we review de novo. *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015). Property acquired during marriage is presumed to be community property, and Husband bears the burden of rebutting this presumption by clear and convincing evidence. A.R.S. § 25-211(A); *Brebaugh*, 211 Ariz. at 97–98, ¶ 6. Husband had to show the bonus was intended to "induce future employment" as opposed to compensate Husband for efforts during the marriage. *Brebaugh,* 211 Ariz. at 118, ¶ 25. In determining the employer's intent, we consider whether the employer "expressly stated" the purpose of the benefit. *Id.* If the employer intended to compensate the employee for past or current service, the benefit is community property. *Id.*

¶31            At the evidentiary hearing, Husband submitted sufficient evidence to establish he was given a retention bonus for 2021. Wife conceded at oral argument that the portion of the bonus that had not yet accrued at the time of separation was separate property. However, the record supports the superior court's conclusion that the bonus lost its separate character. *See Cooper*, 130 Ariz. at 259 (noting there is a presumption that commingled property is community property absent explicit tracing).

¶32            Between receiving the bonus and service being accepted by Wife, Husband commingled the money in x3086 and the funds lost their separate character. *Id.* Husband made no attempt to trace this money and only provided two of the six monthly statements before service. We presume the superior court found every necessary fact to support its judgment, and the record contains sufficient evidence that Husband failed to meet his burden of explicitly tracing the funds in x3086. *Id.; Neal*, 116 Ariz. at 592.

¶33            Husband does not argue, and nothing in the record suggests, Husband became obligated to repay any portion of the bonus. So, we need not decide whether such an obligation would have been a community obligation. Further, whether Husband paid income tax on the bonus has no bearing on its division. Thus, we affirm the superior court's division of x3086.

## II.     Child Support.

¶34        Both parties agree that in the Decree, the superior court made several errors in the Child Support Worksheet ("Worksheet").  The parties dispute whether Wife's separate real property's depreciation should have been factored into her income.

¶35        Child support awards are reviewed for an abuse of discretion. *Sherman v. Sherman*, 241 Ariz. 110, 112, ¶ 9 (App. 2016).  We view the evidence in the record "in the light most favorable to upholding the trial court's decision" and will affirm unless the record is "devoid of competent evidence to support the decision."  *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (quoting *Fought v. Fought*, 94 Ariz. 187, 188 (1963)).  However, we review de novo a trial court's interpretation of the Arizona Child Support Guidelines ("Guidelines").  *Hetherington v. Hetherington*, 220 Ariz. 16, 21, ¶ 21 (App. 2008).  What constitutes "gross income" is a question that requires us to interpret the Guidelines, and thus, is a question of law subject to de novo review.  *Patterson v. Patterson*, 226 Ariz. 356, 358, ¶ 4 (App. 2011).

### A.     Clerical Error.

¶36        Husband and Wife agree the superior court made the following clerical errors in the Worksheet: (1) the Worksheet credited Husband with two other minor children when it should have only credited him for one; (2) the Worksheet credited Husband $440 per month and Wife with $54.71 per month for medical insurance when only Husband should have been credited $6.06 per month; (3) the superior court equally divided the child tax credit when Husband has 71% of the income and should be entitled to it three out of every four years; and (4) the Worksheet credited both parties with childcare expenses when only Wife incurs these expenses. The superior court found the childcare expense to be $800, which Husband disputes.

¶37        The record supports the parties' concessions.  We remand to the superior court to correct these errors and make a new child support calculation.

¶38        The parties dispute whether the superior court erred in attributing monthly childcare costs.  The superior court heard competing testimony on the matter and found the childcare costs to be $800 a month. We do not reweigh contradictory evidence or substitute our judgment for that of the superior court.  *Great W. Bank v. LJC Dev., LLC*, 238 Ariz. 470, 478, ¶ 22 (App. 2015).

### B. Depreciation.

**¶39** Husband also argues the superior court erred in determining Wife's income because it included the value of the depreciation for her rental properties and provided no explanation for this.

**¶40** Because neither party requested findings of fact or conclusions of law under Rule 82, we presume that the family court "found every fact necessary to support the judgment" and will affirm if any reasonable construction of the evidence justifies the decision. *Neal*, 116 Ariz. at 592. In determining if a parent should be permitted to deduct depreciation from their income, a superior court should examine every circumstance, including the nature of the depreciated property, the importance of the property, and all other relevant circumstances. *Baker v. Baker*, 183 Ariz. 70, 72 (App. 1995).

**¶41** We reject Husband's contention that the superior court did not enter enough findings to infer whether depreciation impacted Wife's income. At the evidentiary hearing, the superior court heard competing testimony regarding depreciation before adopting Wife's proposed income. We will not reweigh conflicting evidence on appeal and will not substitute our discretion for that of the superior court. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009); *Cook v. Losnegard*, 228 Ariz. 202, 205, ¶ 11 (App. 2011). Thus, we affirm Wife's income as stated in the Worksheet.

### III. Attorney Fees.

**¶42** In his opening brief Husband claims the superior court erred by awarding Wife attorney fees. The superior court entered judgment in July 2022. The Decree ordered Husband to pay Wife's attorney fees and would award the amount in a later order. Pursuant to Rule 78(b) the superior court found there was "no just reason for delay" which made the Decree immediately appealable. Husband timely appealed the July 2022 Decree, and we have jurisdiction over the Decree. *See Natale v. Natale*, 234 Ariz. 507, 509, ¶ 5 (App. 2014) ("[A] family court ruling is not final and appealable until all of the claims pending before the court have been resolved" or until the court has issued a "certification of finality" under Rule 78(b)). Several months later, the superior court entered an order awarding Wife $12,233 in fees and costs. Wife argues that we lack jurisdiction to consider the superior court's award of attorney fees because Husband did not file an amended or new notice of appeal. At oral argument, Husband conceded that we do not have jurisdiction. Therefore, we dismiss his challenge to the superior court's award of attorney fees.

## CONCLUSION

**¶43** For the foregoing reasons, we affirm in part and remand in part the judgment of the superior court. Husband requests his attorney fees and costs on appeal pursuant to ARCAP 21, and Wife requests hers pursuant A.R.S. § 25-324 and ARCAP 21. In the exercise of our discretion, we decline to award attorney fees. But as the prevailing party, we award Wife her costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

11