NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

GINA BENETICH, *Petitioner/Appellee,*

*v.*

GEORGE PETER BENETICH, III, *Respondent/Appellant.*

No. 1 CA-CV 22-0701 FC

FILED 12-05-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-070181
The Honorable Stasy D. Avelar, Judge

**AFFIRMED**

COUNSEL

Modern Law, Peoria
By B. Kathleen Gilbertson
*Counsel for Petitioner/Appellee*

The Hogle Firm, Mesa
By Nathan J. Hogle
*Counsel for Respondent/Appellant*

_____

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

_____

**F O S T E R**, Judge:

**¶1** In this dissolution proceeding, Appellant George Peter Benetich, III, ("Husband") argues that the superior court miscalculated the marital community's equitable lien against an Arizona home owned by Gina Benetich ("Wife") as her separate property. Husband argues specifically that the court erred by finding that Wife's separate property funds were used to make the downpayment on the Arizona home. For reasons that follow, the superior court's order is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2** Before marriage, Wife owned a home in Indiana. Wife also had a savings account and checking account held solely in her name. During the marriage, Wife deposited her paychecks, paid the mortgage on the Indiana home, and made other withdrawals from her separate checking account. She also deposited unidentified funds into her separate savings account and transferred funds between the two accounts. In 2015, Wife sold the Indiana home and deposited the sale proceeds of $88,788.71 into her savings account.

**¶3** After relocating to Wisconsin, Wife transferred the funds in both separate accounts to one account in her name only. Wife regularly wrote checks and made other withdrawals from this account. When Wife and Husband moved to Arizona, Wife purchased a home with a down payment of $52,100 from her separate account. Husband signed a disclaimer deed.

**¶4** In February 2021, Wife filed for divorce. The parties resolved all issues in their dissolution by agreement except the amount of the community's equitable lien on Wife's separate property — the Arizona home. Husband argued the down payment on the Arizona home came from community funds because (1) the community had an interest in the proceeds from the earlier sale of the Indiana home and (2) Wife commingled the Indiana home sale proceeds with other community funds, rendering her

separate bank account, from which the down payment came, community property. Stating that it was "not required to dissect every real estate transaction that occurred during the marriage," the superior court ruled it need not determine whether the community had an equitable lien in the sale proceeds from the Indiana home, sold two years prior to the dissolution action. It found the $88,788.71 Indiana sale proceeds were Wife's separate property and that, although Wife's bank accounts contained commingled funds, the Indiana home sale proceeds remained traceable. As a result, the court rejected Husband's claim that the $52,100 down payment on the Arizona home came from community funds.

¶5        Relying on the formula set forth in *Drahos v. Rens,* 149 Ariz. 248 (App. 1985), the superior court determined the community had an equitable lien of $32,076.97 and awarded Husband $16,038.40. After an unsuccessful motion to alter or amend the decree, Husband timely appealed. This Court has jurisdiction under A.R.S. § 12-2101(A)(1) and (2).

## DISCUSSION

¶6        Husband does not dispute the classification of the Arizona home as Wife's separate property and the superior court's use of the *Drahos* formula. His sole argument is that the court erred by mischaracterizing the funds used for the down payment as Wife's separate property.

¶7        This Court reviews *de novo*, as a question of law, whether property is separate or community. *In re Marriage of Pownall,* 197 Ariz. 577, 581, ¶ 15 (App. 2000). "[A] marital community is entitled to reimbursement for its contributions to a spouse's separate property" by way of "an equitable lien against the separate property." *Saba v. Khoury,* 253 Ariz. 587, 590, ¶ 8 (2022). "The determination of the amount of the community interest in separate property resulting from an equitable lien is a mixed question of fact and law, . . . so [this Court] defer[s] to the trial court's factual findings but review[s] legal conclusions de novo[.]" *Id.* (citations omitted). To determine the amount of the community's equitable lien in the Arizona home, a court must determine how much of the down payment came from community funds and how much from separate property funds. *See id.* at 592, ¶ 15 (courts consider community contributions to reducing the principal or loan balance and any improvements).

## I.        A.R.S. § 25-318(A) DOES NOT APPLY TO THE SALE PROCEEDS FROM THE INDIANA HOME.

¶8        Husband first argues the superior court erred by not applying A.R.S. § 25-318(A) to the Indiana home sale proceeds. He claims the

proceeds were partly community property because the community had an equitable lien on the Indiana home. Under that statute, "property acquired outside this state shall be deemed to be community property if the property would have been community property if acquired in this state." A.R.S. § 25-318(A). According to Husband, the community's equitable lien arose because Wife used her salary, acquired during the marriage, to pay the mortgage on the Indiana home and that he made improvements to the home.

¶9        Reading the statute in context, Husband's argument fails. *See Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017) ("In construing a specific provision, [this Court] look[s] to the statute as a whole[.]"). The cited provision reads: "*For the purposes of this section only*, property acquired by either spouse outside this state shall be deemed to be community property if the property would have been community property if acquired in this state." A.R.S. § 25-318(A) (emphasis added). Section 25-318 addresses the division of community property and assigning separate property *at the time of dissolution*. In other words, this section affects only property owned by one or both parties at the time of dissolution. It does not address property sold years before the proceeding began and property no longer in either party's possession.

## II.    THE DOWN PAYMENT FOR THE ARIZONA HOME IS TRACEABLE TO THE INDIANA HOME SALE PROCEEDS.

¶10        Husband argues alternatively that the down payment came from a comingled bank account and was untraceable as Wife's separate property. Separate property may be transmuted into community property when it is commingled to the degree that "the identity of the property as separate or community is lost." *Potthoff v. Potthoff,* 128 Ariz. 557, 562 (App. 1981). Merely commingling does not transmute the entire account to community property if the separate property funds can be clearly traced or identified. *Cooper v. Cooper,* 130 Ariz. 257, 259-60 (1981). The party asserting that funds are separate property must identify the separate funds by clear and satisfactory evidence. *Id.* This Court will affirm the superior court's ruling on tracing if sufficient evidence supports it. *See In re Marriage of Cupp,* 152 Ariz. 161, 164 (App. 1986).

¶11        According to Husband, the proceeds from the sale of the Indiana home were commingled with community funds Wife deposited into her separate account for about 18 months. He contends her bank account became commingled and the proceeds became untraceable rendering the entire amount in the account community property. But he

does not dispute that he disclaimed any interest in the property as of the date Wife purchased the property.

¶12        Moreover, the record shows the Indiana home proceeds were deposited into Wife's individual savings account, which was later transferred to another separate account, used for the down payment for the Arizona home. Husband testified $25,000 left the Wife's account between the time Wife opened the account and the date Wife withdrew the down payment. Indeed, Wife regularly wrote checks and made other withdrawals from this account. Husband argues that it is impossible to determine whether those withdrawals came from community or separate funds, so the account was hopelessly commingled. Not so. Even if this Court presumes all the $25,000 withdrawn came from Wife's separate Indiana home sale proceeds, the remaining separate proceeds in her account exceeded $60,000. The remaining separate funds were sufficient to cover the $52,100 down payment. "The mere fact that the property was commingled does not cause it to lose its separate identity, as long as the separate property can still be identified." *See Cupp,* 152 Ariz. at 164. "Furthermore, there is a presumption that where separate and community funds are comingled in one account, payments out of that account for charges against separate property or for separate uses are deemed to be paid out of the separate funds." *Blaine v. Blaine,* 63 Ariz. 100, 113 (1945); *accord Noble v. Noble,* 26 Ariz. App. 89, 96 (1976). Husband's argument fails.

## III.    THE DISCLAIMER DEED DOES NOT DESTROY HUSBAND'S INTEREST IN THE COMMUNITY LIEN ON THE HOME.

¶13        Wife argues the disclaimer deed's broad language waived any interest Husband may have had in the Arizona home. However, in superior court, Wife conceded there was a community lien on the Arizona home. Wife cannot now assert an inconsistent position on appeal. *See In re Marriage of Thorn*, 235 Ariz. 216, 223-24, ¶ 34 (App. 2014). To the extent Wife challenges the community lien on the Arizona home, this Court will not consider such an argument because she did not file a cross-appeal. Ariz. R. Civ. App. P. 13(b)(2) (appellate court may not reduce an appellant's rights without a cross-appeal).

## CONCLUSION

**¶14** For the foregoing reasons, the superior court's judgment is affirmed. Wife's request for attorneys' fees on appeal is denied. *See* A.R.S. § 25-324.



AMY M. WOOD • Clerk of the Court
FILED:   TM