NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ZACHARY L. SEDILLO, *Petitioner/Appellee,*

*v.*

JORDYN COOLEY, *Respondent/Appellant.*

No. 1 CA-CV 24-0428 FC

FILED 01-23-2025

Appeal from the Superior Court in Maricopa County
No. FN2022-091865
The Honorable Keith A. Miller, Judge

**VACATED AND REMANDED IN PART**

COUNSEL

Pittman Law Offices, PLLC, Mesa
By Samuel Pittman
*Counsel for Respondent/Appellant*

Zachary L. Sedillo, Mesa
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

¶1            Jordyn Cooley ("Wife") appeals the decree dissolving her marriage to Zachary Sedillo ("Husband") and the order denying her motion to alter or amend the judgment. Wife claims the superior court erred by failing to find that her vehicles were separate property and ordering a $45,000 equalization payment. Wife raises debatable issues, and Husband's failure to file an answering brief is a confession of error. We vacate the property portions of the decree and remand for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            Husband and Wife married in 2019 and have no children together. In June 2022, Husband petitioned for the dissolution of the marriage. Husband sought spousal maintenance, possession of the Cadillac, and an equal division of the Mazda and the mortgage loan. Wife opposed Husband's request for spousal maintenance and sought an equitable division of community property and debts.

¶3            In November 2023, the court held a dissolution trial. During the trial, the parties presented evidence about the division of various assets and debts. Wife testified that Husband had not made mortgage payments on the marital residence since July 2022. Wife requested that the court award her the marital residence, acknowledging that she would have to pay Husband for his interest. Wife's appraisal valued the home at $380,000, and Husband did not present evidence to support an alternative value.

¶4            Husband borrowed $4,000 for student loans during the marriage, which increased to about $10,300 by the time of the trial. Wife was the loan's guarantor and paid about $2,030 toward it over 13 months. She asked the court to assign the loans to her to prevent harm to her credit.

Wife also made *Bobrow*[1] claims requesting reimbursement for the post-service payments she made on the mortgage and the student loans.

¶5 Wife was injured in a car accident before the marriage and received a personal injury settlement during the marriage. Out of the $100,000 settlement, $3,500 was for lost wages, and the rest was for personal injuries. With the settlement funds, Wife bought a Mustang and paid off a loan on a Mazda she had acquired before the marriage. At the trial, Wife conceded that she had commingled the settlement funds into community accounts. Wife requested ownership of the Mazda and Mustang and that the court offset the equity Husband received from his Cadillac with the credit card debt.

¶6 After the trial, the court issued a dissolution decree ("Decree"), finding that equal property division was equitable. In the Decree, the court denied Husband's request for spousal maintenance and awarded Wife the marital residence as her sole property valued at $390,000. It also awarded Wife the Mustang, valued at $20,000, and the Mazda, valued at $15,000. Husband received the Cadillac, valued at $15,000. The court ordered Wife to pay Husband's student loan debt and Husband to pay the credit card debt. Because the court found that the division of assets was not equitable, it ordered Wife to pay an equalization payment of $45,000 to Husband. The court awarded Wife attorney's fees of $3,000.

¶7 Wife timely moved to alter or amend the Decree under Arizona Rule of Family Law Procedure ("Rule") 83. Wife argued the court erred by not classifying the vehicles as her separate property and that it improperly valued the residence at $390,000 without supporting evidence from Husband. She claimed the court did not properly account for her post-service payments on the community debts. The court denied Wife's motion.

¶8 Wife appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 12-2101(A)(1), and Rule 78(c).

---

[1] *See Bobrow v. Bobrow*, 241 Ariz. 592, 596, ¶ 19 (App. 2017) ("A spouse who voluntarily services community debt and maintains community assets with separate property should not be penalized when a mutual agreement cannot be reached; when such payments are made, they must be accounted for in an equitable property distribution.").

**DISCUSSION**

**¶9** Wife challenges the superior court's property division orders. We analyze the issues through the lens of Husband's failure to file an answering brief. When an appeal raises debatable issues, and there is no good cause for the appellee's failure to respond, we "will assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee." *See Tiller v. Tiller*, 98 Ariz. 156, 157 (1965); *Stover v. Kesmar*, 84 Ariz. 387, 388 (1958).

**¶10** Our courts have not established a definitive test for a "debatable issue." But caselaw provides us with examples. Our supreme court treated the failure to file an answering brief as a confession of error when the opening brief claimed error with supporting authority, and the court found it would "require much industry and independent research to refute" the appellant's position. *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915). When there was "at least grave doubt" about the superior court's order, the court also found a debatable question, *see Adkins v. Adkins*, 39 Ariz. 530, 532 (1932), and our courts have found debatable issues when an appeal raised novel legal questions, *see, e.g.*, *Childs v. Frederickson*, 21 Ariz. 248, 249 (1920); *Nelson v. Nelson*, 91 Ariz. 215, 218 (1962); *Campbell v. Malik*, 9 Ariz. App. 562, 563 (1969). On the other hand, an issue is not debatable when the record "clearly" resolves the question raised. *See, e.g.*, *Air East, Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971); *Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980). And contrary to cases from this court,[2] our supreme court has never recognized that we may arbitrarily waive a confession of error. *See In re Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at *2,

---

[2] *See, e.g.*, *City of Phoenix v. Schooley*, 5 Ariz. App. 149, 150 (1967) ("[W]here there are debatable issues before this Court, we *may* assume that the failure to file an answering brief is a confession of reversible error.") (emphasis added); *Ariz. Tank Lines, Inc. v. Ariz. Corp. Comm'n*, 13 Ariz. App. 19, 21 (1970) ("[T]his Court views [the confession of error rule] as a permissive rather than a mandatory rule."); *Pima County Juv. Action No. J-65812-1*, 144 Ariz. 428, 429 (App. 1985) ("[W]e may, in our discretion, treat the lack of a response as a confession of error."); *Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994) (Failure to file an answering brief *could* be a confession of error.); *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 4, n.3 (App. 2014) (similar); *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007) (similar).

¶¶ 9-10 (Ariz. App. Mar. 26, 2024) (Morse, J., specially concurring) (mem. decision).

**¶11**      We discern no good cause for Husband's failure to answer. The record shows that Husband was mailed notice of the appeal assignment, the case management statement, and the opening brief. When this court did not receive an answering brief or a motion to extend the time to file it, we considered the appeal submitted for a decision. *See* ARCAP 15(a)(2) ("If the appellee does not timely file an answering brief, the appellate court may deem the appeal submitted for [a] decision based on the opening brief and the record."). Thus, Husband confessed to error if the opening brief raised debatable issues. *See Tiller*, 98 Ariz. at 157; *Stover*, 84 Ariz. at 388. If it is clear the superior court did not err, we may affirm regardless of the confession of error. *See Honsey*, 126 Ariz. at 337.

**A.**      **Whether the Mazda and Mustang Were Community Property or Whether a Community Lien Existed Are Debatable Issues.**

**¶12**      Wife argues the superior court erred by not finding that the Mazda and Mustang were her separate property. We review the superior court's classification of property *de novo. Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).

**¶13**      Wife argues the court should have designated the Mazda as her separate property because she acquired it before the marriage. In the Decree, the court found that "an equal division of community property [was] appropriate to achieve equity" and awarded the Mazda to Wife. But the Decree did not specify whether the Mazda was classified as separate or community property, and if community, whether it factored into the equitable offset award to Husband. The Mazda's classification is debatable because property acquired before the marriage remains separate property even if a spouse pays the debt on the property during the marriage. *See Brucklier v. Brucklier*, 253 Ariz. 579, 583, ¶ 16 (App. 2022); *see also Whitt v. Meza*, 257 Ariz. 149, 158, ¶ 36 (App. 2024).

**¶14**      It is also debatable whether Wife used her settlement funds to pay off the Mazda's loan or whether community funds created community liens on the vehicles. Typically, settlement funds are separate property because the injured body is the spouse's separate property that he or she brought into the marriage. *Hefner v. Hefner*, 248 Ariz. 54, 58, ¶ 8 (App. 2019). But here Wife conceded that she had commingled the settlement funds with community accounts. When separate funds are commingled with community funds, they may lose their identity as separate funds unless

they can be traced. *See Cooper v. Cooper*, 130 Ariz. 257, 259 (1981); *In re Marriage of Cupp*, 152 Ariz. 161, 164 (App. 1986) (The rule of "transmutation of separate property to community property occurs only when the identity of the property as separate or community is lost."). But "[t]he mere fact that the property was commingled does not cause it to lose its separate identity, as long as the separate property can still be identified." *Cupp*, 152 Ariz. at 164. Thus, if the settlement funds lost their identity as separate property, the community may have a lien on the payoff amount of the Mazda loan. *See Drahos v. Rens*, 149 Ariz. 248, 249-50 (App. 1985).

**¶15** Wife also contends the court erred by not classifying the Mustang as her separate property because she bought it with her personal injury settlement funds. Generally, property acquired during the marriage is presumed to be community property. *Cupp*, 152 Ariz. at 164; A.R.S. § 25-211(A). Whether the court classified the Mustang as community property in the Decree is debatable. Husband has confessed to error on these issues by not filing an answering brief. Thus, we remand for the court to classify the Mazda and Mustang and determine whether the parties used community or separate funds to pay off the Mazda loan and buy the Mustang.

## B. Whether the Record Supports the Equalization Order Is a Debatable Issue.

**¶16** Wife argues the court abused its discretion by ordering a $45,000 equalization payment because it should have equally divided the marital residence, mortgage, dogs, Cadillac, Cadillac's loan, student loan, and credit card debt. Wife also argues the court's equalization order should have accounted for her post-service payments toward the marital residence and Husband's student loans. We review the superior court's allocation of community property for an abuse of discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007).

**¶17** Wife contends that the court erred by valuing the residence at $390,000 because no evidence in the record supported this value. Wife's appraisal valued the residence at $380,000. Because Husband did not present contrary evidence, it is unclear whether the record supports the court's $390,000 valuation of the marital residence.

**¶18** "Debts incurred during marriage are presumed to be community." *Brucklier*, 253 Ariz. at 584-85, ¶ 27. Wife and Husband incurred the mortgage on the marital residence and Husband's student loans during the marriage. Wife claims that she should have received an

equalization credit for the full balance of Husband's student loans, but because the loan is a community debt, a portion of the student debt belongs to Husband. *See id.*

**¶19**        Wife also claims the court should have accounted for half of the net amount she paid in post-service mortgage payments and the full amount she paid post-service on the student loans. In an equitable property distribution, the court must account for a spouse's payments toward community debt with their separate property. *Bobrow v. Bobrow*, 241 Ariz. 592, 596, ¶ 19 (App. 2017); A.R.S. § 25-215. From the Decree, it is unclear whether the court considered Wife's *Bobrow* claims before ordering the equalization payment. Thus, whether the record supports the court's $45,000 equalization order is debatable. *Merrill*, 17 Ariz. at 350 (A debatable issue "require[s] much industry and independent research to refute" the appellant's position.). Husband has confessed error by not filing an answering brief.

## ATTORNEY'S FEES AND COSTS

**¶20**        Wife requests attorney's fees and costs under A.R.S. § 25-324 and ARCAP 21. We have minimal evidence of the parties' finances, and Husband, by conceding error, did not act unreasonably on appeal. Per our discretion, we decline to award Wife her fees but find she is the prevailing party on appeal entitled to costs upon compliance with ARCAP 21.

## CONCLUSION

**¶21**        Based on the record and Husband's confession of error, we vacate the property distribution portion of the decree. We also vacate the attorney's fee award because of the abovementioned errors. The court may reconsider the award after complying with this decision. We remand for further proceedings on the petition.

